**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **SAFECO INSURANCE COMPANY** | ) | **CASE NO. 4:07 CV 3709** |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | |
| | ) | **JUDGE PETER C. ECONOMUS** |
| **MARY K. LEWIS,** | ) | |
| | ) | **ORDER** |
| **DEFENDANT.** | ) | |
| | ) | |

### I. BACKGROUND

Plaintiff Safeco Insurance Company of America ("Safeco"), filed the instant law suit on December 4, 2007, against Mary K. Lewis ("Lewis"). (Dkt. # 1). Lewis was served with the summons and complaint on December 20, 2007, but did not answer.

#### A. The Policy

The Complaint alleges that when Lewis submitted an Application for Car Insurance (the "Application") to Safeco, she listed herself and her mother, Yolanda Lewis, as the only household members of driving age. (Dkt. #2, Ex. A). Safeco alleges that in reliance upon the Application, it issued and renewed an Ohio Personal Auto Policy (the "Policy") to

Lewis for the policy period March 28, 2007, to September 28. 2008. Safeco further points out that the Policy included a fraud provision, stating that:

> Note: Ohio Revise Code Section 3999.21 requires the notification that any person who submits an application, or a claim, containing false or deceptive statements is guilty of insurance fraud.

### B.     The Accident

On May 15, 2007, an accident occurred involving a 1997 Nissan Altima operated by Defendant Lewis' brother, Tristan Lewis. Lewis, through her insurance agent, notified Safeco of the accident. On September 24, 2007, as part of the investigation of the accident, counsel for Safeco conducted an examination of Lewis under oath. (Dkt. # 2, Ex. C). During the examination, Lewis admitted that her brother Tristan was of driving age and lived in Lewis' household prior to and at the time of the Application and until shortly before the accident. (Dkt. # 2, Ex. C). Safeco admits that the 1997 Nissan Altima was listed on the Policy prior to the accident, but alleges that Lewis failed to identify Tristan as a resident of her household of driving age at the time for the Application.

Safeco filed the instant Motion for Default Judgment, asking this Court to declare the following: (1) the Policy is null and void; (2) Safeco is not liable for any claims or damages resulting from the May 15, 2007 accident; and (3) Safeco has no duty to pay any loss or indemnify anyone from any claim, suit, settlement, or judgment that has or may arise as a result of the May 15, 2007, accident.

### II.     STANDARD OF REVIEW

2

### A. Declaratory Judgment Act

Before the Court moves to the merits of the instant action, it is necessary to clarify the correct standard of review. Although Safeco does not cite any legal authority in the Motion for Default Judgment, the proper inquiry is whether this Court may exercise jurisdiction under the Declaratory Judgment Act. See 28 U.S.C. § 2201(a); Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942). The Declaratory Judgment Act provides in relevant part:

> In a case of *actual* controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201 (emphasis added). In addition to the "actual controversy" requirement of this statute, the "case and controversy" clause of the United States Constitution "applies to declaratory judgment actions as well as to other cases of a more conventional nature." Detroit, Toledo and Ironton R.R. Co. v. Consolidated Rail Corp., 767 F.2d 274, 279 (6th Cir. 1985); see also National Emblem Ins. Co. v. Washington, 482 F.2d 1346, 1347 (6th Cir. 1973).

The test for determining the "case or controversy" and "actual controversy" issues is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Consolidated Rail Corp., 767

3

F.2d at 279 (citing Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941)). When determining whether an actual controversy exists, the appropriate inquiry is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Detroit, Toledo & Ironton R.R. Co., 767 F.2d at 279. Stated differently, "[a] controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." Rowan Co., Inc. v. Griffin, 876 F.2d 26, 28 (5th Cir. 1989) (citing Brown & Root, Inc. v. Big Rock Corp., 383 F.2d 662 (5th Cir. 1967)).

It is not necessary that Plaintiff's injury be "absolutely 'immediate' and 'real.' The potential for injury need only be 'sufficiently immediate and real.'" Kelley v. E.I. DuPont De Nemours & Co., 17 F.3d 836, 845 (6th Cir. 1994) (quoting Detroit, Toledo & Ironton R.R. Co., 767 F.2d at 279). In deciding whether the controversy is sufficiently immediate, "declaratory relief is appropriate when and only when one or both parties have pursued a course of conduct that will result in imminent and inevitable litigation unless the issue is resolved by declaratory relief." Kelley, 17 F.3d at 844-845.

In the instant dispute, there is currently nothing pending in state court that gives rise to Safeco's potential liability to Lewis. The instant matter is not of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." See Consolidated Rail Road Corp., 767 F.2d at 279. Safeco's alleged duty to defend and indemnify, therefore, is not at issue. Further, as the Policy issued to Lewis has since expired, its validity is not currently

4

at issue. Safeco's liability, therefore, rests on a contingency that may never occur. No "live" controversy exists between the insured and the insurer, and a live case or controversy must exist at the time the court decides the matter. See Consolidated Rail Corp., 767 F.2d at 279.

### III. CONCLUSION

Because Plaintiff cannot establish standing, it cannot make a claim upon which relief can be granted. Accordingly, Plaintiff Safeco's Motion for Default Judgment is **DENIED.** (Dkt. #8). Therefore, this case is hereby **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

*/ s / Peter C. Economus* **– 01/24/08**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**